[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #117
The plaintiffs in this action, Anne Marie Mooney and Robert Mooney, have brought this action against a number of defendants alleging that they were wrongfully ejected from their premises at 83 Huntington Road, New Haven, on May 10, 2001, by the defendant, State Marshall Robert Miller, acting on behalf of the defendant, R.I. Waterman Properties, Inc.
The plaintiffs allege that the contents of their household were set out on the sidewalk and transported by the defendant, Anthony Russo, to a storage facility administered by the defendant, John DeStefano, where such contents were lost and/or destroyed.
The seventh and eighth counts of the complaint allege that the defendant, DeStefano, as Chief Executive Officer of the City of New Haven, was, pursuant to the provisions of Connecticut General Statutes § 49-22 (c), charged with the responsibility of removing and storing CT Page 6378 the contents of the plaintiffs' household. The plaintiffs allege that the defendant, DeStefano, discharged that responsibility in a negligent manner thereby causing the plaintiffs' losses.
The defendant, DeStefano, has moved to strike those counts of the complaint directed to him on two grounds. First, the defendant claims that § 49-22 (c) does not provide the plaintiffs with a private cause of action. Second, the defendant claims that § 2-55 of the New Haven Code of Ordinances provides that it is the Director of Public Works who has responsibility for the care and custody of property left on sidewalks under the circumstances alleged in the complaint.
Considering the defendant's second claim, first, it is the opinion of the court that it does not constitute a basis upon which to grant the defendant's motion to strike. The ordinance in question was already in existence at the time of the passage of § 49-22 (c). Under such circumstances, the statute supercedes the ordinance. Lauricella v.Planning and Zoning Board of Appeals, 32 Conn. Sup. 104, 112 (1974).
However, with respect to the first ground set forth in the motion to strike, the court agrees with the defendant that § 49-22 (c) does not create a private cause of action against the defendant, DeStefano.
Since there are no allegations that the defendant, DeStefano, was in any way personally involved in the events which give rise to the plaintiffs claims, any liability on his part must necessarily be based upon a finding that § 49-22 (c) creates a private cause of action. This distinguishes this case from Norse v. Lycett, 114 Conn. 432 (1932) relied upon by the plaintiffs in which the sheriffs duties may have been established by statute but the cause of action was premised upon his ownconduct in fulfilling such duty thus, alleging a common law action grounded in negligence.
The Supreme Court has set forth those factors to be considered in determining whether a statute creates a private cause of action.Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 249
(1996).
According to Napoletano, those factors to be considered when a statute does not expressly provide a private cause of action are whether the plaintiff is one of the class for whose benefit the statute was enacted, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one, and is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. CT Page 6379
In the court's view, applying the criteria set forth in Napoletano, § 49-22 (c) does not create a private cause of action. There is no legislative history which supports such a claim. It is questionable as to whether the plaintiffs are within a class which the statute intended to benefit. Finally, it would seem, that 49-22 (c) was enacted to set forth a procedure to be utilized under the circumstances governed by it and that the creation of a private cause of action is not necessary to the legislative scheme.
Therefore, the motion to strike counts seven and eight of the complaint is granted.
 ___________________ Thompson, J